UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GEORGE EARL BYRD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C04-1646-MJP-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY, *et al.,* | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment, to which plaintiff has not filed a response. Having reviewed the motion for summary judgment, the court concludes for the reasons set forth below that the motion should be granted and this action dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiff originally submitted his complaint to the court in July, 2004, alleging that he was the victim of excessive force during an arrest that followed a high-speed car chase in Kent, Washington. (Doc. #1, Attachment). However, initial consideration of the complaint was delayed due to plaintiff's failure to inform the court of his current address. On December 27, 2004, the undersigned United States Magistrate Judge issued a Report & Recommendation recommending that the complaint be dismissed because plaintiff had not complied with Local Rule CR 41(b)(2), which requires *pro se* litigants to inform the court of their current address or face dismissal of their action. (Doc. #15). Plaintiff then filed an objection to the Report & Recommendation and provided his current address.

REPORT & RECOMMENDATION
PAGE 1

1  Consequently, the matter was remanded to the undersigned for consideration of the complaint. (Doc.
2  #19).
3       On March 30, 2005, the court dismissed two municipal defendants and directed the Clerk to
4  serve the complaint on the remaining defendants, Officer Schuldt of the Renton Police Department and
5  Officers Kelso and Constant of the Kent Police Department. (Doc. #26). On July 15, 2005,
6  defendants Kelso and Constant filed their answer, followed by a motion for summary judgment.
7  (Docs. #34, #35). On July 21, 2005, defendant Schuldt joined in the motion for summary judgment
8  filed by Kelso and Constant. (Doc. #38).
9       Defendants Kelso and Constant argued in their motion for summary judgment, *inter alia*, that
10 plaintiff had used a fictitious name in filing the present lawsuit, and that his real name is Raymond
11 Carpenter. (Doc. #36 at 8-9). Defendants asserted that using a fictitious name violated Federal Rule
12 of Civil Procedure 17 ("Rule 17"), and that the case should be dismissed unless plaintiff "ratified" the
13 action using his real name. On August 1, 2005, the court ordered plaintiff to show cause why this
14 action should not be dismissed under Rule 17. (Doc. #39). Plaintiff has not responded to the court's
15 Order to Show Cause, nor has he filed any sort of response to defendants' motion for summary
16 judgment. The matter is now ready for review.

17 DISCUSSION

18      As mentioned, defendants raise several arguments in their motion for summary judgment. The
19 court will first address the Rule 17 argument, which is dispositive.
20      1.    <u>Rule 17 Argument</u>
21      Rule 17 requires that "[e]very action shall be prosecuted in the name of the real party in
22 interest." Fed. R. Civ. Pro. 17(a). Rule 17 authorizes a court to dismiss an action that is not
23 prosecuted in the name of the real party in interest if the action is not ratified within a reasonable
24 period of time by the real party in interest. *Id.* Here, plaintiff was given notice of this requirement
25 when the court issued its Order to Show Cause on August 1, 2005. (Doc. #39). As of the date of this
26 Report & Recommendation, plaintiff has not ratified this lawsuit and accordingly, the action should be

REPORT & RECOMMENDATION
PAGE 2

1  dismissed.  Recognizing, however, that in response to this recommendation, plaintiff may seek to ratify

2  the lawsuit, the court will also address defendants' alternative argument for summary judgment.    2.

3        <u>Summary Judgment Argument</u>

4        Summary judgment is proper only where "the pleadings, depositions, answers to

5  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

6  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

7  law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The court

8  must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny &*

9  *Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving

10  party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See*

11  *Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material

12  fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg.*

13  *Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).  Genuine factual

14  issues are those for which the evidence is such that "a reasonable jury could return a verdict for the

15  non-moving party." *Anderson,* 477 U.S. at 248.

16        Defendants argue that there is no factual support whatsoever for plaintiff's claim that

17  defendants used excessive force when they arrested him.  In his seven-page, handwritten amended

18  complaint, plaintiff alleges that defendants used excessive force by allowing a police dog to "chew on

19  me like a bone," and by punching him after he had been subdued. (Doc. #25 at 3-5).  Defendants, in

20  various police reports that accompany their motion for summary judgment, deny that they used any

21  more force than was necessary to apprehend plaintiff.[1]  (Doc. #36, exhibits #1-3).  In addition,

22  defendants assert that the police dog used a standard "bite-and-hold technique" to secure plaintiff

23  while they approached him, and the dog did not bite him in the face. (Dkt. #35 at 4-5).  Defendants

24  attach photographs that purport to show that plaintiff suffered no dog bites to the face, as he alleged in

25

26        [1] The court notes that these police reports were written by defendants shortly after the arrest and were made under penalty of perjury.

REPORT & RECOMMENDATION
PAGE 3

1  his amended complaint. (*Id*., exhibit #4).

2  Plaintiff offers no evidence to counter the exhibits offered by defendants. Indeed, he has filed no response of any kind to defendants' motion for summary judgment, despite having been warned twice, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), as to the consequences of not responding. (Doc. #37, #39). Accordingly, plaintiff has failed to produce evidence such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Defendants have therefore met their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed with prejudice. In addition, this dismissal should count as a strike under 28 U.S.C. § 1915(g). A proposed Order is attached.

DATED this 25th day of August, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 4